UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRUCE ALLEN LEWIS,<br><br>                    Petitioner,<br><br>     v.<br><br>ISRAEL JACQUEZ ,<br><br>                    Respondent. | CASE NO. 2:20-cv-01146-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Bruce Allen Lewis, proceeds pro se in this habeas action filed nominally pursuant to 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently housed at the Federal Detention Center SeaTac ("FDC"). *Id.*

## BACKGROUND

**A.     Petitioner's In Forma Pauperis Application (IFP)**

On July 23, 2020, petitioner filed a proposed 28 U.S.C. § 2241 petition in which he primarily seeks compassionate release pursuant to the First Step Act, release to home confinement pursuant to the CARES Act, in addition to alleging violations related to his conditions of confinement. Dkt. 1. On July 28, 2020, the Clerk of Court advised plaintiff by letter that:

> The filing fee requirement must be met. Please submit either the full
> $5.00 filing fee or an application for In Forma Pauperis (IFP) status. An
> IFP form is enclosed for your convenience.

REPORT AND RECOMMENDATION - 1

Dkt. 3. The Clerk of Court also advised petitioner that he must cure the deficiency by August 27, 2020, or the matter may be dismissed. *Id.* On July 30, 2020, petitioner filed an IFP application but submitted the improper form. Dkt. 4. The Clerk of Court advised petitioner:

> The proper IFP form was not submitted. Enclosed please find the correct IFP form to be filled out in full and returned to the Court.

Dkt. 5. The Clerk of Court also advised petitioner that he must cure the deficiency by August 31, 2020, or the matter may be dismissed. *Id.*

On August 10, 2020, petitioner submitted another IFP application, but the application remained deficient. Dkt. 7. By letter dated August 13, 2020, the Clerk of Court advised petitioner that his IFP remained deficient, and instructed him to:

> Please provide a certified copy of your prison trust account statement showing transactions for the last six months. The certification section on page two of the IFP must be completed by the facility where you are currently housed. A copy of the IFP is attached for your convenience.

Dkt. 8. The Clerk of Court also advised petitioner that he must cure the deficiency by September 14, 2020, or the matter may be dismissed. *Id.*

On August 31, 2020, petitioner filed a supplemental pleading largely reiterating the claims raised in his proposed petition. Dkt. 9. Petitioner, however, did not submit a completed IFP application. As of this date, petitioner has not cured his IFP deficiency.

**B.     Petitioner's Claims**

In his petition, petitioner indicates he was convicted and sentenced in the United States District Court for the Southern District of New York. Dkt. 1. Petitioner indicates he was sentenced on July 24, 2019, to 84 months, three years supervised release, a $100.00 fine, and required to pay forfeiture fees. *Id.*

REPORT AND RECOMMENDATION - 2

Petitioner asserts he is being "medically abused" at FDC. *Id.* He claims he was taken off of insulin by Dr. Dy for six months and when he was finally given a blood test he was nearly in a coma. *Id.* He indicates insulin was reinstated but that his glucose levels have been out of control and Dr. Dy refuses to adjust the level of insulin. *Id.* He claims he also suffers from either 38 or 41 other chronic medical issues that FDC will not treat and ignore his requests including, it appears, liver cancer and MERSA. *Id.*

Petitioner claims he is 68 years old, disabled, and non-violent and therefore qualifies under "CARES Act, ELDER Act, Second Chance Act, First Step Act, and Congressional Intent" to be released to home confinement. *Id.* He claims as of June 5, 2020, he has done 42 months on an 84-month sentence and was told that was all he needed in order to be released was an approved release address. *Id.* He claims he secured a release address but that the Bureau of Prisons (BOP) now says he "cannot have a release address" because he "do[es] not have a release date" because he has not yet done "2/3 of his time." *Id.* Petitioner claims he is only required to do 50% of his time to be eligible for release. *Id.*

Petitioner claims the U.S. Marshalls lost all of his contacts, legal work, appeal, research, compassionate release motions and other motions during transport. *Id.* He claims BOP has used his lack of contacts to raise his custody level 3 points and have miscalculated his custody classification in other ways. *Id.* He claims his case manager, unit team, warden, AW Green "et al" all act in concert to deny him rights to use his commissary monies to hire a lawyer to fight for compassionate release. *Id.* He claims BOP lost his financial instruments showing his assets and that the funds he has are borrowed from an "assignment of trust." *Id.* He also claims BOP is trying to steal the funds he borrowed from the trust and has "frozen" them thereby preventing him from hiring an attorney. *Id.*

REPORT AND RECOMMENDATION - 3

1    Petitioner also indicates he has moved for compassionate release and for counsel in New
2 York but that he is unable to file electronically and due to COVID-19 his filings by mail are
3 being "ignored." *Id.* As relief, petitioner seeks immediate release. *Id.*, at 9. He also asks that he
4 be appointed counsel - specifically from the Federal Defenders Office in Seattle. *Id.*
5    Petitioner also filed a supplemental pleading in which he reiterates many of the claims
6 raised in his petition and specifically requests compassionate release under the CARES Act, that
7 his term of supervised release be vacated, or his judgment voided. Dkt. 9. Petitioner also appears
8 to argue that his judgment and sentence should be voided because his plea was not voluntary in
9 that he was led to believe he would be released sooner due to his medical conditions. *Id.*

**DISCUSSION**

**A.    Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

The Court notes that a federal court is also required to consider *sua sponte* whether it has jurisdiction over a Section 2241 petition. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006); *see also Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000) (court must assess its jurisdiction "before proceeding to any other issue").

**B.    Request for Compassionate Release Under First Step Act**

In general, a district court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). So called "compassionate release" is an exception to this rule and allows the sentencing court to reduce a prison term "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see Crum v. Blanckensee*, No. CV 20-3664-DOC (JEM), 2020 WL 3057799, at *1–2 (C.D. Cal. June 8, 2020). The First Step Act of 2018, 132 Stat. 5194, amended 18 U.S.C. 3582(c)(1)(A) to allow an inmate (rather than the Director of the BOP exclusively) to file a motion for compassionate release in the sentencing court if the inmate "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." First Step Act of 2018, PL 115-391, 132 Stat. 5194; *see id.*

However, a motion under Section 3582(c) to modify a prison term must be addressed to the sentencing court. *See United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (a motion under Section 3582(c) "is undoubtedly a step in the criminal case" that "requires the [sentencing] court to reexamine the original sentence" (quotation marks omitted)); *see also United States v. Rala*, 954 F.3d 594, 595 (3d Cir. 2020) ("Section 3582's text requires those motions to be addressed to the sentencing court, a point several Circuits have noted ....") *Bolden v. Ponce*, 2:20-cv-3780-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020) (district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by COVID-19 pandemic because petition was not filed in sentencing court); *Crum,* 2020 WL 3057799, at *1–2 (same).

Here, petitioner was convicted and sentenced in the Southern District of New York and, therefore, any motion for compassionate release must be made there. Thus, the Court lacks

REPORT AND RECOMMENDATION - 5

jurisdiction over this claim and it should be dismissed without prejudice to petitioner seeking relief in the proper court.[1]

**C.      Request for Release to Home Confinement Under CARES Act**

Petitioner also seeks release under the Coronavirus Aid Relief and Economic Security Act ("CARES Act"). The CARES Act was enacted in response to the COVID-19 pandemic and increases BOP's authority to release prisoners to home confinement. *See* CARES Act, Pub. L. No., 116-136, § 12003(b)(2), 134 Stat. 281, 516 (March 27, 2020) (suspending eligibility limitations imposed by 18 U.S.C. § 3624(c)(2)); *Crum*, 2020 WL 3057799, at *2. But this Court does not have the authority to order petitioner to be transferred to home confinement under the CARES Act. Section 12003(b)(2) of the CARES Act authorizes only the BOP to determine whether "to place a prisoner in home confinement under ... [18 U.S.C. §] 3642(c)(2)." Thus, "[w]hile the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision." *United States v. Carlucci*, No. 10-00464-01-KHV, 2020 WL 2527013, at *3 (D. Arizona May 18, 2020); *accord Crum*, 2020 WL 3057799, at *2–3.

Accordingly, the decision whether to place petitioner in home confinement is within the exclusive province of the BOP and is not subject to judicial review. Therefore, the Court lacks the authority to grant the relief requested. The Court recommends this claim be dismissed with prejudice.

**D.      Conditions of Confinement Claims**

---

[1] The Court notes that petitioner contends his applications to the Southern District of New York for compassionate release and appointment of counsel have been ignored. However, it appears that petitioner's requests have, in fact, been docketed in his criminal case in the Southern District of New York. It also appears petitioner's request for appointment of counsel has been granted for purposes of his motion for compassionate release in that case. *See USA v. Lewis, et al.*, No. 7:16-cr-00786-NSR-1 (S.D.N.Y), Dkt. 286 ("memo endorsement" dated July 28, 2020).

REPORT AND RECOMMENDATION - 6

Petitioner also appears to challenge his conditions of confinement. Specifically, petitioner appears to allege deliberate indifference by FDC prison medical staff to his serious medical needs, deprivation of his personal property including his personal papers and legal materials, and interference with his access to his "commissary monies."

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991); *see also Bivens v Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Here, petitioner challenges both his physical confinement and the conditions of his confinement. *See* Dkt. 1. As petitioner's claims regarding inadequate medical care, deprivation of his personal property, and interference with access to commissary monies appear to implicate the conditions of his confinement and not the fact or duration of his custody, these claims cannot form the basis of habeas relief. Accordingly, these claims must be brought in a civil rights complaint. *See Alcala v. Rios*, 434 Fed. Appx. 668, 669-70 (9th Cir. 2011) (finding claims challenging the conditions of confinement were not cognizable under § 2241 and should be brought as a civil rights action).

Accordingly, the Court recommends petitioner's claims challenging the conditions of his confinement be dismissed without prejudice and with leave to re-file, if appropriate, in a separate civil rights action. *See Bivens*, 403 U.S. 388.

**E.    Involuntary Plea**

REPORT AND RECOMMENDATION - 7

In his supplemental pleading petitioner appears to argue that his judgment and sentence should be voided because his plea was not voluntary. Dkt. 9. Specifically, petitioner appears to claim he pled guilty because he was led to believe he would be released sooner in light of his medical conditions. *Id.*

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). "A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for habeas relief pursuant to 28 U.S.C. § 2241 unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (*citing United States v. Pirro*, 104 F.3d 297, 299 (9th Cir.1997)). The Ninth Circuit has held "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). "Thus, for Petitioner's Petition to be a legitimate § 2241 petition, he must satisfy both of those requirements." *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012), *as amended* (May 31, 2012).

Here, petitioner is a federal prisoner authorized to seek relief under § 2255. *See* Dkt. 1; 28 U.S.C. § 2255. Petitioner has not alleged he is actually innocent or shown he has not had an "unobstructed procedural shot" at presenting his claim. Accordingly, this claim should also be dismissed without prejudice.

**F.     Failure to Cure IFP/Ineligible for IFP Status**

REPORT AND RECOMMENDATION - 8

Petitioner has also failed to submit a sufficient application to proceed IFP and this is another reason relief should be denied and the action dismissed. The Court also notes that based on the documentation petitioner has submitted thus far he does not appear to be eligible for IFP status. Petitioner submits a receipt from the FDC commissary showing he has approximately $11,000.00 cash available to him and notes the balance of his account is approximately $33,000.00. Dkt. 7, at 5. Thus, it seems petitioner likely does not qualify for IFP status and can pay the $5.00 filing fee.

**G.    Appointment of Counsel**

Petitioner also requests appointment of counsel in this case. There is no right to have counsel appointed in cases brought in a federal habeas action unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).

The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 954. In deciding whether to appoint counsel, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

For the reasons stated above the Court is recommending dismissal of all of petitioner's claims. As none of petitioner's claims are currently viable, the Court recommends that petitioner's request for counsel also be denied.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 13, 2020.** The Clerk should note the matter for **October 16, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **five (5)** pages. The failure to timely object may affect the right to appeal.

DATED this 29th day of September 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge